**Abatement Order filed September 10, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00148-CR

_____

## EX PARTE DIANA E. RODRIGUEZ

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 05-DCR-043094**

## ABATEMENT ORDER

Appellant filed a notice of appeal from the denial of her application for writ of habeas corpus, which was filed pursuant to article 11.072 of the Texas Code of Criminal Procedure. Appellant is represented by retained counsel, **Eduardo Jesus Franco**. No reporter's record has been filed in this case. Karen Romeo Rothman, the official court reporter for the 400th District Court, informed this court that appellant had not made payment arrangements for preparation of the reporter's record.

On April 22, 2013, the clerk of this court notified appellant that we would consider and decide those issues that do not require a reporter's record unless appellant, within 15 days of notice, provided this court with proof of payment for

the record. *See* Tex. R. App. P. 37.3(c). Appellant filed no reply. Accordingly, on May 30, 2013, we ordered counsel to file a brief without the benefit of a reporter's record.

No brief was filed. On July 15, 2013, this court notified appellant that the brief was past due. No response was filed. We may not dismiss the appeal or decide the appeal without a brief unless the trial court makes findings that appellant has abandoned the appeal by failing to make arrangements to file a brief. *See* Tex. R. App. P. 38.3(b)(1). Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 400th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **October 1, 2013, 2013.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or

the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# Rule 38.  Requisites of Briefs

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record (including any order and findings) must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.